UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERESA F,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5544 RAJ

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for supplemental security income, disability insurance benefits, and widow's benefits. Plaintiff contends the ALJ erred by rejecting four medical opinions and three lay witnesses' statements. Dkt. 15. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has a high school education, and has worked as a cashier-checker and a retail clothing store manager. Dkt. 12, Admin. Record (AR) 31. Plaintiff applied for benefits in April 2016, and alleges disability as of March 23, 2016. AR 130, 18. Plaintiff's applications were denied initially and on reconsideration. AR 127-29, 178-80. After the ALJ conducted a hearing in March 2018, the ALJ issued a decision finding Plaintiff not disabled. AR

39-126, 18-33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the March 2016 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: cervical spine degenerative disc disease, degenerative joint disease, and left arm radiculopathy with status post surgeries; obesity; major depressive disorder; and anxiety disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform sedentary work, never climbing ladders, ropes, or scaffolds and occasionally balancing, stooping, kneeling, crouching, crawling, and reaching overhead bilaterally. She can have occasional exposure to vibration, extreme cold, and hazards. She cannot drive commercially. She is limited to frequent handling and fingering with the non-dominant left hand. She can understand, remember, and apply detailed, but not complex, instructions. She cannot work in a fast-paced, production type environment.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As Plaintiff has work skills transferrable to jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 21-33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3, 918-20.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

## A. Medical Opinions

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.*

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as an occupational therapist in this case, by giving reasons germane to the opinion. *Id.* An ALJ must consider all opinions, including those from non-acceptable medical sources, which may in some cases even outweigh the opinions of acceptable medical sources. *See* 20 C.F.R. §§ 404.1527(f), 416.927(f).

### 1. Gary Gaffield, D.O.

Dr. Gaffield examined Plaintiff in September 2016 and opined that she could perform light work with additional restrictions. AR 697-98. The RFC contains stricter limitations than Dr. Gaffield opined, with one exception. He opined that Plaintiff could perform "[m]anipulative activities … occasionally" while the RFC permits "frequent … handling and fingering" with the non-dominant left hand and unlimited handling and fingering with the right hand. AR 697, 25.

The ALJ gave Dr. Gaffield's opinions "little weight" because the reduced range of motion he observed in Plaintiff's neck, back, shoulders, and hips "would be an obstacle to the …

light work" capability Dr. Gaffield opined. AR 29. In other words, Dr. Gaffield's clinical findings supported more stringent limitations than he opined. The ALJ rejected Dr. Gaffield's opinions as too permissive, not too restrictive. The ALJ provided no reason to exclude Dr. Gaffield's manipulative restriction from the RFC.

The Commissioner lists a selection of Dr. Gaffield's clinical observations—including sensory deficits in the fingers—and asserts "[t]he ALJ reasonably found that these examination findings did not support such an extreme limitation in all of Plaintiff's manipulative activities." Dkt. 19 at 8. The ALJ made no such finding. The ALJ found that Dr. Gaffield's findings supported *more* extreme limitations than he opined. The Court cannot rely on the Commissioner's *post hoc* analysis. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995) (Courts review an ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Failure to either incorporate the manipulative limitation or provide reasons to reject it was error. *See Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion …, he errs.").

**2.    Maria C. Lomarda, M.D. and Julie L. Milasich, O.T.**

Dr. Lomarda has been Plaintiff's treating physician since November 2014. AR 468. She referred Plaintiff to Ms. Milasich for "[a]ssessment of physical capacities to assist with disability paperwork." AR 703. On March 23, 2016, Ms. Milasich assessed Plaintiff as "currently functioning at the sedentary physical demand level" but not able "to perform even sedentary level work on a full-time basis" because she could only sit four hours, stand one hour, and walk half an hour per day. AR 706. Ms. Milasich noted that the sitting, standing, and walking

limitations "may be still impacted by [e]ffects from her recent gall bladder surgery on 02/24/2016." *Id.*

On November 11, 2016, Dr. Lomarda filled out a Documentation Request Form for Medical or Disability Condition, opining Plaintiff could perform sedentary work one to ten hours per week "w[ith] rest in between." AR 699; AR 700.

The ALJ gave Ms. Milasich's assessment and Dr. Lomarda's opinions "[l]ittle weight." AR 30.

The ALJ rejected Ms. Milasich's limitations because Plaintiff "was obviously still somewhat debilitated by" gall bladder surgery one month earlier. AR 30. This was a germane reason to discount the sitting, standing, and walking limitations, as Ms. Milasich herself noted.

The ALJ rejected Dr. Lomarda's opinions as lacking explanation and "longitudinal viewpoint" and because they were based on Ms. Milasich's discounted findings. AR 30. Opinions "based on significant experience with [the claimant] and supported by numerous records [are] entitled to weight that an otherwise unsupported and unexplained check-box form would not merit…." *Garrison*, 759 F.3d at 1013. Because Dr. Lomarda had already been Plaintiff's treating physician for two years, the ALJ's finding that her opinions lacked explanation or a longitudinal viewpoint was unsupported by substantial evidence. The Commissioner argues the ALJ's factual finding that Dr. Lomarda's opinions were based on Ms. Milasich's evaluation was supported by substantial evidence because Dr. Lomarda referred Plaintiff to Ms. Milasich for assistance with "paperwork" and Dr. Lomarda's November 10, 2016, treatment notes reference "paperwork." Dkt. 19 at 4-5. An ALJ's "findings are upheld if supported by inferences reasonably drawn from the record." *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ reasonably inferred that Dr. Lomarda

was aware of Ms. Milasich's evaluation.  But the ALJ could not reasonably infer that Dr. Lomarda ignored her two years of treatment notes or that she abdicated her professional judgment in favor of Ms. Milasich's assessment when forming her opinions.  *Cf. Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (In the absence of "evidence of actual improprieties" an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits.").  The ALJ erred by discounting Dr. Lomarda's opinions for lacking explanation or a longitudinal viewpoint or as primarily based on Ms. Milasich's permissibly-discounted evaluation.

The ALJ also discounted Dr. Lomarda's opinions as inconsistent with her own "mild to moderate findings." AR 30.  But the cited findings include abnormal range of motion, muscle spasm, and tenderness, and are not characterized as mild or moderate in the treatment notes.  AR 468, 474, 488, 712, 726.  The Commissioner cites a treatment note from an appointment to address an eyelid lesion documenting a "supple" neck, and a treatment note from an appointment for diabetes noting Plaintiff's neck had "no adenopathy."  AR 465, 794.  Lack of stiffness or swelling has little bearing on evaluating Plaintiff's neck pain arising from undisputed cervical spine impairments.  Dr. Lomarda's treatment notes contain numerous observations of clinical abnormalities.  The ALJ erred by discounting Dr. Lomarda's opinions as inconsistent with her own treatment notes.

The ALJ erred by discounting Dr. Lomarda's opinions.

**3.     David G. Zacharias, M.D.**

Dr. Zacharias examined Plaintiff in September 2016 and opined Plaintiff's abilities to maintain attendance and pace, interact with others, and adapt to work stresses were poor.  AR 690.  The ALJ gave Dr. Zacharias' opinions "little weight" as inconsistent with his own clinical

findings. AR 29. Incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The only example the ALJ gave was that Dr. Zacharias' opinion of poor ability to interact socially was contradicted by his finding of "connections with her children and with other people outside of her family." AR 29. Dr. Zacharias based the opined social limitation on Plaintiff's "interpersonal presentation" and "history of social functioning." AR 690. Plaintiff's interpersonal presentation included disheveled hair and "poor to fair" grooming, but appropriate dress and no malodor. AR 689. Her social history included avoiding people, an absence of group or social activities, and getting along well with others except being "pretty vocal about" someone upsetting her, which led once to a work suspension. AR 688, 687. Although some findings were normal, there were sufficient abnormal findings to support Dr. Zacharias' opinion.

Dr. Zacharias' report contains numerous abnormal clinical findings. The ALJ did not explain how any other limitations Dr. Zacharias opined conflicted with his clinical observations.

The ALJ erred by discounting Dr. Zacharias' opinions.

**B.    Lay Witnesses' Statements**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Plaintiff's friend, son, and daughter-in-law all submitted letters describing Plaintiff's very sedentary life and high pain level. AR 454-57. The ALJ gave all three lay witnesses' statements "little weight" because of their close personal relationships with Plaintiff and because they had "no firm evidence" that pain was the reason for Plaintiff's sedentary life. AR 31. Neither reason is germane. By itself, a lay witness' "close relationship with [a claimant] is not a germane

reason to discount the weight of his observations." *Diedrich*, 874 F.3d at 640. And lay witnesses are only asked to furnish their observations, not investigate underlying causes as a medical source might. "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993); *see also Diedrich*, 874 F.3d at 640 ("The fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination.). The ALJ erred by discounting the lay witnesses' statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the lay witness statements and the opinions of Dr. Gaffield, Dr. Lomarda, and Dr. Zacharias, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 3rd day of February, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge